UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON VINE, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>UNIGROUP WORLDWIDE LOGISTICS, LLC, a Missouri corporation, an DOES 1-10, inclusive,<br><br>　　　　　　　Defendant. | No. 2:18-cv-663<br><br>NOTICE OF REMOVAL |

**TO:** 　　　**THE CLERK OF THE COURT**

**AND TO:** 　**PLAINTIFF THROUGH HIS COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that, for the reasons set forth below, Defendants UniGroup Worldwide Logistics, LLC ("UniGroup") and United Van Lines, LLC ("United"), through their undersigned counsel, hereby remove the above-captioned action from the Superior Court of the State of Washington in and for King County to the United States District Court for the Western District of Washington. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332(d), 1441(b), and 1446 and Western District of Washington Civil Rule 101. In support of their removal of this action, UniGroup and United state as follows:

NOTICE OF REMOVAL - (2:18-cv-663) - 1
4843-5195-9397v.1 0111441-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## BACKGROUND

1. On or about April 13, 2018, Plaintiff Jason Vine filed this lawsuit in the Superior Court of the State of Washington in and for the County of King at Kent, Case No. 18-2-09703-7 KNT. A copy of Plaintiff's state court complaint (the "Complaint") is attached to this Notice as Exhibit A.

2. The Complaint alleges two causes of action: (1) failure to pay hourly wages for time spent on statutory rest periods in violation of RCW 49.12, and (2) willful and intentional withholding of wages pursuant to RCW 49.52.050, 070.

3. This lawsuit is subject to removal pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), 1453 ("CAFA"). CAFA grants federal courts original jurisdiction over, and permits removal of, class actions in which: (1) any member of a class of plaintiffs is a citizen of a state different from any defendant, thus establishing "minimal diversity"; (2) the aggregate number of proposed plaintiffs is 100 or more; (3) the primary defendants are not sales, state officials, or other governmental entities; and (4) the aggregate amount in controversy of all of the putative class members' claims exceeds $5,000,000. 28 U.S.C. § 1332(d).

## VENUE

4. The Superior Court of the State of Washington in and for the County of King at Kent is located within the Western District of Washington. Venue is therefore proper under 28 U.S.C. § 1332(d), 1441(b), and 1446.

## TIMELINESS OF REMOVAL

5. This Notice of Removal is filed within thirty days of service of process on UniGroup and is therefore timely under 28 U.S.C. § 1446.

NOTICE OF REMOVAL - (2:18-cv-663) - 2
4843-5195-9397v.1 0111441-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## DIVERSE CITIZENSHIP OF THE PARTIES

6. Plaintiff alleges that he was a resident of Washington at all relevant times. Plaintiff also seeks to represent a class of current and former employees who resided in Washington. (Cmplt. ¶¶ 4, 16.)

7. Plaintiff names UniGroup as the defendant to this action. Plaintiff correctly alleges that UniGroup is a Missouri corporation and is headquartered in Fenton, Missouri. (Cmplt. ¶ 5.) For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has a principal place of business. 28 U.S.C. § 1332(d)(1). It is thus undisputed that UniGroup is deemed a citizen of Missouri.

8. Although Plaintiff named UniGroup as the Defendant, Plaintiff asserts his claims against the entity that compensated Plaintiff on a per-mile basis for providing less-than-load driving services. Plaintiff further admits that he "is ignorant of the true names and capacities" of the corporate defendant(s) from which he seeks relief. (Cmplt. ¶ 6.) Defendant believes that Plaintiff's claims are more appropriately asserted against United (not UniGroup) and that United is the proper Defendant in this lawsuit.[1] Plaintiff entered an independent contractor operating agreement with United Van Lines, LLC ("United), which is a licensed interstate household goods motor carrier under the federal Motor Carrier Act, to provide those services. (Decl. of David Pile, attached as Exhibit B, ¶ 3.) Pursuant to Plaintiff's independent contractor operating agreement, Plaintiff performed provided "transportation-related services" for United and United, in turn, compensated Plaintiff. (Ex. B-1 at pp. 1, 4, A-1.) Plaintiff had no contractual relationship with UniGroup, a separate corporate entity from United. United is a

---

[1] Notwithstanding, Plaintiff was classified as an independent contractor pursuant to his agreement with United and United denies was Plaintiff's employer under Washington law or liable for the claims asserted in this lawsuit.

NOTICE OF REMOVAL - (2:18-cv-663) - 3
4843-5195-9397v.1 0111441-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Missouri Corporation headquartered in Fenton, Missouri and is deemed a citizen of Missouri for diversity purposes.

9. The presence of Doe defendants in this case has no bearing on diversity of citizenship for removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002). Thus, the existence of Doe defendants one through fifty does not deprive this Court of jurisdiction. *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006) (rule applied in CAFA removal).

10. Because Plaintiff is a resident of Washington and Defendant is a resident of Missouri, the minimal diversity requirement under CAFA is satisfied.

### PROPOSED CLASS CONTAINS AT LEAST 100 MEMBERS

11. Plaintiff alleges that that, upon information and belief, there are at least 200 current and former employees in the putative class. (Cmplt. ¶ 17.)

12. "[U]nder CAFA, the jurisdictional allegations in the complaint can be taken as a sufficient basis, on their own, to resolve questions of jurisdiction where no party challenges the allegations." *Mondragon v. Capital One Auto Fin*., 736 F.3d 880, 886 (9th Cir. 2013).

13. Accordingly, because Plaintiff pleads that the proposed class contains at least 200 current and former employees in the putative class, the Court may accept as true for the purposes of this motion that the proposed class contains at least 100 members.

### AMOUNT IN CONTROVERSY

14. CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individual

NOTICE OF REMOVAL - (2:18-cv-663) - 4
4843-5195-9397v.1 0111441-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for Plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

15. The alleged amount in controversy in this class action, in the aggregate, exceeds $5,000,000.

16. Plaintiff alleges that he and putative class members were not paid for rest periods separate and apart from their piece-rate pay in violation of Washington law. (Cmplt. ¶ 13.) Plaintiff and the putative class seek damages in the amount of their regular rate of pay for rest break time and a judgment for twice the amount of wages owed because Plaintiff alleges that United willfully and intentionally violated Washington law. (Cmplt. ¶¶ 32, 40.)

17. Under Washington law, an employee's "regular rate" is equal to the "ratio of weekly base salary to the total number of hours worked in a workweek." *Inniss v. Tandy Corp.*, 141 Wash. 2d 517, 533, 7 P.3d 807, 816 (2000).

18. Plaintiff and the putative class members entered an independent contractor agreement with United to provide van operating services to United. The independent contractor agreements state that Plaintiff and putative class members ("Van Operators") are compensated at a dollar rate per mile they drove and for additional services. Van Operators self-determine their schedule and workloads. Pursuant to their independent contractor agreements, they are not guaranteed a particular number of shipments, can refuse any specific shipment, and could take periods of time off from accepting loads at their discretion. Accordingly, the amount of money that Van Operators earn depends on how much they are willing to work.

NOTICE OF REMOVAL - (2:18-cv-663) - 5
4843-5195-9397v.1 0111441-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

19. United's records demonstrate that for the workweeks in which Plaintiff performed services pursuant to his independent contractor agreement, he earned an average gross amount of $2,987.18. (Ex. B, Pile Decl. ¶ 4.) This is within the estimated range of Van Operator compensation according to a 2015 study of the compensation of owner-operators in California, which analyzed U.S. Census Bureau data for individual owner operators. Cal. Trucking Ass'n, *Owner-Operator Driver Compensation* (2015) at 9, *available at* http://www.devineintermodal. com/Docs/OwnerOperatorCompensationStudy.pdf (noting the mean average gross receipts by independent owner operators in California is $106,240 annually—or $2,043 per week).

20. Plaintiff pleads in the Complaint that he worked approximately 7 days per week and approximately 14 hours per day for United, which equals a total of 98 hours. (Cmplt. ¶ 4.) Accordingly, assuming that Plaintiff's allegations are true, Plaintiff's regular rate of pay can be estimated to be $30.48 per hour.

21. Plaintiff seeks a back payment in the amount of his regular rate of pay times Under Washington law, employees are entitled to be compensated for a rest break of 10 minutes every 4 hours. Assuming Plaintiff worked 14 hours per day and 7 days per week, he seeks compensation at his regular for 30 minutes of rest breaks per day, or 3.5 hours per week. Thus, Plaintiff's estimated back wages based on his own allegations for the total three years' statute of limitations equals $16,642.08. Because Plaintiff pleads he is entitled to double damages arising from United's allegedly willful conduct, his potential individual back wages total $33,284.16.

22. Thus, the amount in controversy for Plaintiff's estimate of 200 putative class and his allegations members can be estimated to be **$6,656,832**.

NOTICE OF REMOVAL - (2:18-cv-663) - 6
4843-5195-9397v.1 0111441-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

23.     Plaintiff also seeks attorneys' fees and costs.  (Ex. A, Prayer for Relief.)  A reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy.  *Longmire v. HMS Host USA, Inc.*, 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA.") (*citing Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002)); *Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dist. LEXIS 31515, at *15 (E.D. Cal. Apr. 30, 2007) (attorneys' fees appropriately included in determining amount in controversy). In the class action context, courts have found that 25 percent of the aggregate amount in controversy is a benchmark for attorneys' fees award under the "percentage of fund" calculation and courts may depart from this benchmark when warranted.  *See Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees are appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-1257 (9th Cir. 2000); *Wren v. RGIS Inventory Specialists*, 2011 U.S. Dist. LEXIS 38667 at *78-84 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case). Using the benchmark of 25 percent of the total recovery, attorneys' fees on Plaintiffs' claims could be as high **$1,664,208.**  This also does not factor in costs incurred for the litigation.

24.     Accordingly, Plaintiff's claims as alleged exceed the $5,000,000 amount in controversy required under CAFA.

## **CONCLUSION**

25.     Because diversity of citizenship exists, and the amount in controversy exceeds $5,000,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. section

NOTICE OF REMOVAL - (2:18-cv-663) - 7
4843-5195-9397v.1 0111441-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1332(d)(2).  This action is therefore a proper one for removal to this Court pursuant to 28 U.S.C. section 1441(a).

Dated:  May 7, 2018.

Respectfully submitted,

UNIGROUP WORLDWIDE LOGISTICS, LLC and UNITED VAN LINES, LLC


*/s Ryan C. Hess*
Ryan C. Hess, WSBA #50738
Davis Wright Tremaine
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Phone: 206-622-3150
Fax: 206-757-7700
Email:  ryanhess@dwt.com

and

Noah A. Finkel (pro hac vice admission anticipated)
Kyle Petersen (pro hac vice admission anticipated)
Cheryl A. Luce (pro hac vice admission anticipated)
Seyfarth Shaw LLP
233 S. Wacker Drive
Suite 8000
Chicago, IL 60603
Phone: (312) 460-5000
Fax: (312) 460-7000
Email:  nfinkel@seyfarth.com
         kpetersen@seyfarth.com
         cluce@seyfarth.com

NOTICE OF REMOVAL - (2:18-cv-663) - 8
4843-5195-9397v.1 0111441-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax